UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ferris Geiger Singley, # 211565, | ) | C/A No. 2:13-100-JMC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| George Malone, Colleton County Sheriff; Reggie | ) | |
| Loyd, South Carolina Department of Law | ) | |
| Enforcement Chief; South Carolina Department of | ) | |
| Law Enforcement (SLED); Larry Gainey, SLED | ) | |
| Major, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Ferris Geiger Singley ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42

U.S.C. § 1983.[1]  Plaintiff is an inmate at Broad River Correctional Institution, a facility of the South

Carolina Department of Corrections ("SCDC"), and he files this action *in forma pauperis* under 28

U.S.C. § 1915.  Plaintiff alleges that Defendants violated his constitutional rights.  The Complaint

should be dismissed for failure to state a claim on which relief may be granted.

Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made

of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C.

§ 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321

(1996).  This review has been conducted in light of the following precedents: *Denton v. Hernandez*,

504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S.

519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v.*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d)
DSC, the undersigned is authorized to review such complaints for relief and submit findings and
recommendations to the District Court.

*Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal

construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

Plaintiff alleges he was serving a sentence in SCDC on August 21, 2001, the date his father died. Compl. 3. He alleges his father did not have a will, and his mother, Brenda Singley, served as the personal representative and probated the estate. *Id.* Plaintiff alleges that pursuant to South Carolina law he and his brother received 50% of the estate and his mother received 50%, including a piece of land in Colleton County. *Id.* He alleges that he received 25% of the Colleton County parcel by deed of distribution dated January 28, 2004. *Id.* He alleges he was released from prison on April 1, 2005, and he moved in with his mother for a short time. *Id.* He alleges he asked about the Colleton County parcel of land, but his mother would not give him answers. *Id.* He alleges he went back to prison on October 2, 2005, and he wrote letters to different offices trying to learn information about the Colleton County parcel of land. *Id.* He alleges on March 22, 2007, he wrote to the Colleton County Register of Deeds office, and Karla Daddieco responded by letter stating that the deed of distribution was recorded on February 25, 2004, providing Plaintiff with 25% interest in that land. *Id.* at 3–4. Further, the letter stated that on August 12, 2005, a general warranty deed granting the same land to Colleen Lock was recorded. *Id.* at 4. Plaintiff alleges he discovered that his mother forged his and his brother's names on the general warranty deed illegally selling the land to Colleen Lock. *Id.*

Plaintiff alleges he wrote letters to the South Carolina Law Enforcement Division ("SLED") requesting an investigation of the crimes of forgery and stealing. *Id.* Defendant Major Gainey with

3

SLED allegedly wrote to Plaintiff that SLED did not investigate these type of crimes. *Id.* Plaintiff alleges he also wrote a letter to the Colleton County Sheriff George Malone to request an investigation of the crimes, but he did not hear anything back. *Id.* at 4–5. Further, he alleges that the notary public who signed the general warranty deed and his mother committed crimes. *Id.* at 5.

Based on these facts, Plaintiff alleges that Defendants failed to perform their jobs to investigate crimes, are guilty of misconduct in office, were deliberately indifferent to Plaintiff's problem after they were put on notice about the crimes committed against him, and acted in a grossly negligent manner. *Id.* He alleges Defendants should be liable to him for damages, and he requests that this court order an investigation into his claims so that he can have the sale of the land nullified or that his mother should be made to give him and his brother their share of the money. *Id.* at 6.

<u>Discussion</u>

This Complaint appears to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's main § 1983 claim appears to be that Defendants violated the Constitution by deliberately failing to investigate alleged crimes after he made them aware of the crimes. It is well

4

settled that an individual alleged victim of a crime does not have a constitutional right to compel a court or prosecutor to prosecute a case against a person. "No citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, prosecutorial discretion does not reside in the judicial branch. The decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *see also United States v. Giannattasio*, 979 F.2d 98, 100 (7th Cir. 1992). Similarly, *a fortiori*, the Constitution does not give Plaintiff a right to compel a law enforcement officer to investigate an alleged crime with the hopes of building a case that should be prosecuted. Further, the federal Crime Victims' Rights Act does not provide a cause of action for damages and, in any event, would not apply to Plaintiff's situation. *See* 18 U.S.C. § 3771(d)(6). Therefore, because Plaintiff failed to allege a violation of the Constitution or a federal law, his claim seeking damages pursuant to § 1983 fails to state a claim on which relief may be granted. Moreover, Plaintiff's request that Defendants should be deemed "guilty of misconduct in office" seems to be an attempt to have them prosecuted, and, based on the applicable law, such a request has no basis in law.

Secondly, SLED has immunity from this § 1983 action seeking damages because of the Eleventh Amendment to the Constitution. SLED is a state agency, which has Eleventh Amendment immunity from a suit for damages brought in this Court. *See Redding v. Boulware*, C/A No. 0:09-1357-HFF-PJG, 2011 WL 4501948, at *2 (D.S.C. Aug. 9, 2011), *adopted by*, 2011 WL 4527362 (D.S.C. Sept. 29, 2011). Under *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984),

5

a state must expressly consent to suit in a federal district court. *Id.* The State of South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State).[2]

Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

s/Thomas E. Rogers, III

February <u>6</u>, 2013                                     Thomas E. Rogers, III
Florence, South Carolina                          United States Magistrate Judge

---

[2] To the extent Plaintiff is asserting state law claims, there is no diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).